OPINION
Petitioner-appellant Laura Lyles appeals from the dismissal of her petition to register a foreign domestic relations order, and the denial of her subsequent motion to enforce and modify that order. We conclude that the trial court did not err in declining to exercise jurisdiction in this matter. Accordingly, the judgment of the trial court is
Affirmed.
 I
Laura Lyles and Kent Lyles are the parents of Kody Lee Lyles, whose date of birth is January 4, 1993. The parties were married on June 18, 1998, in Idaho. During the marriage, the parties resided with Kody in Washington. The Lyles were divorced in December of 1998 by order of the Superior Court of Washington, Spokane County. The court granted custody of Kody to Ms. Lyles and ordered Mr. Lyles to pay child support in the amount of $300 per month. Immediately thereafter, Ms. Lyles and Kody moved to Montgomery County, Ohio.
On October 20, 1999, Ms. Lyles filed a document entitled "Petition to Register a Foreign Decree." She also filed a motion seeking to increase Mr. Lyles' child support obligation and to hold him in contempt for failure to pay certain medical bills incurred by Kody. On the same date, the trial court entered an order permitting the registration of the support order contingent upon the filing of appropriate documentation. The order also gave Mr. Lyles twenty days to respond and object to the registration.
The matter was referred to a magistrate for a hearing which was held in December, 1999. Mr. Lyles did not appear. Following the hearing, the magistrate entered a decision finding Mr. Lyles in contempt for failing to pay his share of Kody's medical bills, as established by the Washington State order. The magistrate declined to modify the amount of the support order. Ms. Lyles filed objections to the magistrate's decision claiming that the magistrate erred by denying her request for modification of the support order. Subsequently, Mr. Lyles filed a special appearance contesting jurisdiction.
The trial court entered a decision overruling the objections and dismissing the petition to register the foreign judgment. The decision stated, in pertinent part, as follows:
 * * * The court finds that it would not be appropriate to register the Washington decree and the child support order at this time. Respondent — Obligor continues to reside in Washington, where the support order was issued. The Spokane County court retains its continuing, exclusive jurisdiction pursuant to Ohio and Washington law, which are substantially similar versions of the Uniform Interstate Family Support Act (UIFSA). See R.C. § 3115.07(A); and Wash. Rev. Code Ann. § 26.21.115(1)(a). These provisions are also consistent with the Full Faith and Credit for Child Support Orders Act (FFCCSOA), codified at 28 U.S.C. § 1738.
 It is not the purpose of the interstate child support laws to facilitate collection from the obligor. Not only would due process be absent if the court were to proceed, but it would be quite unwieldy for this court to attempt to enforce the Washington order. As a result, the appropriate jurisdiction for this action is in the Spokane County Court. * * *
Ms. Lyles appeals from this order. II
The sole assignment of error is as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING PETITIONER'S MOTION TO REGISTER THE FOREIGN DECREE AND OVERRULING THE MAGISTRATE'S DECISION AND PERMANENT ORDER FILED JANUARY 7, 2000.
Ms. Lyles contends that the trial court erred by dismissing her petition to register the Washington support order and by overruling the magistrate's decision, which found Mr. Lyles in contempt for failing to pay his share of the minor child's medical expenses.
Ms. Lyles' petition to register the Washington divorce decree, and corresponding support orders, was filed pursuant to the Uniform Interstate Family Support Act (UIFSA, or the Act) codified at R.C. 3115 et seq. UIFSA is the latest in a series of laws promulgated as part of an effort to deal with the problems associated in the enforcement of interstate support orders.[1] All states are required, by Congressional mandate, to adopt UIFSA in order to remain eligible to receive federal funding for child support. See, The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, 42 U.S.C.S. Section 666(F). Ohio adopted the Act, effective January 1, 1998.
Under UIFSA, when State A issues a support order, and the obligor then moves to State B, the support obligee may directly enforce the order of support by sending the order: (1) to the obligor's employer in State B, who is then required to withhold and distribute the funds as directed by the order; or (2) to the support enforcement agency of State B, which is then required to use administrative procedure to enforce the support order. See R.C. 3115.12 through 3115.38. A support obligee may also register the support order in State B pursuant to R.C. 3115.39. Once an order is properly registered and confirmed, it is enforceable in the same manner as any order issued by State B. R.C. 3115.40. However, the Act provides that so long as one of the parties continues to reside in State A, which originally rendered the order of support, that state will maintain continuing and exclusive jurisdiction over the matter. R.C.3115.07.
In this case, Ms. Lyles contends that because she followed the Act's procedures for registration, Ohio is now required to enforce the Washington order against Mr. Lyles, despite the fact that he still resides in Washington, and that state still has jurisdiction over the order of support. She fails to cite any relevant authority for her claim, and our research has failed to reveal any Ohio cases directly addressing this issue. However, based upon our review of the Uniform Interstate Family Support Act, as promulgated by the National Conference of Commissioners on Uniform State Law, and the corresponding Ohio legislation, we conclude that Ms. Lyles misapprehends the purpose, and effect, of the Act.[2]
We conclude that the purpose of the registration provision is to facilitate enforcement of an order rendered in one state when the support obligor has moved to another state. In other words, when an obligor moves from State A, any support order entered by that state may be registered and enforced in the obligor's new state of residence.[3]
UIFSA does not contemplate the use of its registration provisions in a situation like the one in this case; i.e., only the obligee has moved from State A and now seeks to enforce the support order in her new state of residence. As noted by the trial court in this case, it would be "unwieldy" for an Ohio court to attempt to enforce a Washington order against an obligor who still resides in that state. In fact, it is doubtful that any order of contempt issued in Ohio could be effectively enforced against Mr. Lyles. While this conclusion may work a hardship upon Ms. Lyles in that she will need to file any contempt or modification actions in Washington, we conclude that it is consistent with the provisions of the Act.
As an aside, we note that Ms. Lyles requested that the Ohio trial court modify Mr. Lyles' support obligation. However, for purposes of modification of a support order, the Act "forces the obligee who attempts to enforce or raise the amount of the support order, or the obligor who attempts to lower the amount of the support order, to return to the original state in which the decree was issued." See, Fielding, supra, at 459; UIFSAA (1996) § 205, 9 U.L.A. pt. 1B, at 284; R.C. 3115.07. The state in which the order is registered may not modify the order unless the parties no longer reside in the rendering state or they consent to the jurisdiction of the state of registration. R.C. 3115.48. Therefore, since Mr. Lyles continues to reside in Washington, and he has not consented to an exercise of jurisdiction by Ohio, this state is not empowered by UIFSA to modify the order of support.
We conclude that the trial court did not err when it overruled the decision of the magistrate, denied Ms. Lyles' contempt motion, and dismissed her petition to register the foreign judgment. Accordingly, the sole assignment of error is overruled.
 III
Ms. Lyles' sole assignment of error being overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.
[1] For a discussion on prior support enforcement laws as well as the genesis, and effect of, UIFSA, see, Fielding, "UIFSA the New URESA," 20 U. Dayton Law Review 425.
[2] See, Uniform Interstate Family Support Act (1996), 9 Uniform Laws Annotated, pt. 1B.
[3] The provisions of UIFSA may also be applied to situations in which both parties have moved to new states.